IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-01202-BNB

AUG 1 1 2006

JAMES M. CAREY,

GREGORY C. LANGHAM
CLERK

      Plaintiff,

v.

El PASO COUNTY SHERIFF'S OFICE [sic],
TERRY MAKETA, Sheriff,
JANE & JON DOE, Sheriffs, and
DECTIVE [sic] CHRIS WARD,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE
## AMENDED COMPLAINT

---

      Plaintiff James M. Carey is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. On June 14, 2006, Mr. Carey submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Carey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carey will be ordered to file an Amended Complaint.

      In the Complaint, Mr. Carey alleges three claims. In Claim One, he asserts that he was subjected to an illegal search and seizure of property in his home. In Claim

Two, Plaintiff alleges that Defendant Detective Chris Ward disposed of his personal property without a court order, and, in Claim Three, Plaintiff contends that the Sheriff's Office imposed an excessive bond.  Plaintiff seeks money damages.

Mr. Carey may not sue Defendant El Paso County Sheriff's Office.  The Sheriff's Office is not a separate entity from El Paso County and, thus, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  The claim asserted against the Sheriff's Office must be considered as asserted against El Paso County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Mr. Carey cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

To the extent that Plaintiff asserts violations of his constitutional rights, personal participation by named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)  *Id.*  With respect to Defendants Terry Maketa and Jane and John Does, Plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged

2

constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Also, Plaintiff should note that he may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Carey shall file, **within thirty days from the date of this Order**, an Amended Complaint, including an original and sufficient copies, that clarifies how each properly named Defendant personally participated in the asserted constitutional violation. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Carey, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Carey submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Carey fails to file **within thirty days from the**

**date of this Order** an Amended Complaint that complies, to the Court's satisfaction,

with this Order the action will be dismissed without further notice.

DATED August 11, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01202-BNB

James M. Carey
Prisoner No. 129038
CMRC
2925 Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on_____ 8-11-06_____

GREGORY C. LANGHAM, CLERK

By:_____
                 Deputy Clerk